(38 Misc. Rep. 232.)

## OSTROM v. OSTROM.

(Supreme Court, Special Term, Fulton County. June, 1902.)

**1. Supplementary Proceedings—Return of Execution.**
    Where a wife obtained an order awarding her alimony pending an action by her husband for divorce, she cannot maintain supplementary proceedings under Code Civ. Proc. § 2436, before return of an execution for alimony unpaid.

Action for divorce by Albert E. Ostrom against Mary M. Ostrom. Motion by defendant to punish the plaintiff for not obeying an order requiring him to appear and be examined in preliminary proceedings. Motion denied.

H. M. Eldredge, for the motion.
George E. Phillips, opposed.

SPENCER, J. The action is for divorce. An order was made requiring the plaintiff to pay to the defendant the sum of $5 per week alimony, commencing September 14, 1901, and continuing until the determination of the action. On the 28th day of April, 1902, an execution was issued to the sheriff of Montgomery county for the purpose of collecting the alimony then remaining unpaid. Thereafter, and before the return of the execution, the defendant applied to this court, and obtained an order requiring the plaintiff to be examined before a referee in supplementary proceedings in aid of said execution. The plaintiff appeared in person and by counsel, and refused to answer questions put to him concerning his property, on the ground that the order requiring him so to do was invalid.

I know of no law authorizing such proceedings in aid of an execution issued upon an order before the return of the execution. Under the Code of Civil Procedure, prior to 1896, supplementary proceedings were allowed against judgment debtors only. By chapter 176 of the Laws of 1896, section 2435, Code Civ. Proc., was amended by making that section applicable to executions issued to enforce orders; but no such amendment has been adopted in

respect to section 2436, under which these proceedings were instituted. The remedies provided by these two sections are declared to be distinct (Code Civ. Proc. § 2432), and therefore the amendment as to one section may not be regarded as enlarging the scope of the other. I am therefore of the opinion that the order herein for the examination of the plaintiff was void,—there being no provision of law therefor,—and that the plaintiff is not in contempt for refusing to obey the same. It follows that the motion made by the defendant must be denied, with costs.

Motion denied, with costs.